## 24740. HARRISON *v.* JONES.

DECIDED FEBRUARY 27, 1936. REHEARING DENIED MARCH 31, 1936.

*Boyd Sloan, Sam S. Harben,* for plaintiff.
*J. B. Jones, Joseph H. Blackshear,* for defendant.

STEPHENS, J. Mrs. Clarence Harrison, in a suit against Mrs. W. D. Jones, alleged that they had been contestants in a contest instituted by the Gainesville News, a newspaper publishing company, in which a prize consisting of a Plymouth sedan automobile

had been offered to the contestant receiving the highest number of votes allowed to contestants for obtaining subscriptions to a newspaper entitled the Gainesville News; that the plaintiff by the number of subscriptions which she had obtained had become entitled to 11,825,600 votes; that the defendant had turned in to the newspaper publishing company purported subscriptions to the paper, which "had they been bona fide" would have entitled the defendant to 12,598,500 votes; that the result of the contest "as awarded by the judges of said contest" had been the declaration of the defendant as the winner, she having received the highest number of votes, and the declaration of the plaintiff as the second in the contest, she having received the next highest number of votes; that of the subscriptions turned in by the defendant 2,901,000 votes, which were credited to the defendant, were not genuine or bona fide subscriptions to the paper, but were subscriptions of which the purported subscribers had no knowledge and were unauthorized by them, and were therefore to be considered as subscriptions of the defendant herself personally and for which, under the rules of the contest, she was entitled to only 162,000 votes, that by giving the defendant credit for these subscriptions at 162,000 votes, instead of at 2,901,000 votes, the defendant would have been entitled to only 9,656,500, which was less than the 11,825,600 votes to which the plaintiff was entitled, the plaintiff would, by having received a majority of the votes over those to which the defendant was entitled, have been the first in the contest; that the defendant, by having turned in the alleged unauthorized and fictitious subscriptions for which she had received more votes than the number to which she was entitled, changed the "proper and legal result" of the contest and perpetrated a fraud on the plaintiff and injured and damaged her by having caused the defendant to be declared the winner, when in fact the plaintiff was the true winner; that as a result of this fraud the automobile was delivered to the defendant, who at the time of the filing of the petition had it in her possession; that the alleged fraud of the defendant had injured and damaged the plaintiff $500, the value of the automobile; and for this sum the plaintiff prayed judgment. The defendant's demurrer to the petition was sustained.

The plaintiff predicated her right to recover on the alleged conduct of the defendant in turning in subscriptions for which she

had received votes to which she was not entitled, thereby defrauding the plaintiff of the automobile which, it was alleged, she would have been entitled to receive as a result of the contest but for the defendant's fraud. The plaintiff could have had no right to the automobile except by having been declared the winner in the contest; and she would not have been entitled to be declared the winner unless the alleged fraudulent votes turned in by the defendant had been disregarded. The plaintiff could have had no right to the automobile unless she in fact had been declared the winner. She, not having been declared the winner, is where she was, as respects any right to the automobile, when the contest opened and the plaintiff began to solicit subscriptions. Therefore the plaintiff has been defrauded of nothing, unless it was the right to have the judges award the automobile to her instead of to the defendant. There appears no contractual relationship between the plaintiff and the defendant, which would afford a basis for the determination of the contest. So far as it appears from the petition, the contest was determinable under the auspices of the newspaper which was giving away the automobile. It is alleged that the result of the contest, "as awarded by the judges of said contest, was to declare the defendant winner." So far as appears from the petition, the judges of the contest, or the newspaper company itself, had absolute and unrestricted power to determine the contest and declare the winner. If any fraud was perpetrated by which the defendant received a benefit to which she was not entitled, it was perpetrated on the judges, and not on the plaintiff. The petition failed to set out a cause of action and the court did not err in sustaining the general demurrer.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*